HILDEBRAND, ADM'R, *v.* THE TOLEDO, WABASH, AND WESTERN RAILWAY CO.

PLEADING.—*Negligence.*—*Railroad.*—*Master and Servant.*—*Injury to Person.*
A complaint against a railroad company, in an action for damages for injury to the person of an employee, causing death, which charges that the company itself by its negligence and unskilfulness in the management, etc., of its engines and cars, etc., caused the injury complained of, without any fault of the deceased, does not raise the question of the liability of the company for the negligence of its servants by which a fellow-servant is killed or injured, and is good on demurrer.

SAME.—A complaint in such an action which fails to allege that there was no negligence on the part of the deceased is bad on demurrer.

From the Carroll Circuit Court.

*R. C. Gregory, W. B. Gregory,* and *F. W. Coombs,* for appellant.

*W. Z. Stuart,* for appellee.

Pettit, J.—This suit was brought by the appellant against the appellee, to recover damages for negligently killing and causing the death of one Graves, of whose estate the appellant is administrator. The complaint is in three paragraphs, to each of which there was a separate demurrer, for want of sufficient facts, filed and sustained, and this ruling presents the only question in the case. If all or either of the paragraphs are or is good, the judgment of the court below must be reversed.

In view of the question presented, and the earnestness with which it is urged on both sides, though the complaint is very long, we have felt it our duty to set it out at full length, which is as follows:

"Theodore Hildebrand, administrator of the estate of Calvin Graves, Jr., deceased, plaintiff, complains of the Toledo, Wabash, and Western Railway Company, defendant, and says that heretofore, to wit, on the 27th day of October, A. D. 1870, at said county and State, said Calvin Graves, Jr., was in the employ of the said defendant as carpenter, and upon the day aforesaid, while engaged in repairing one of the cars belonging to said defendant, upon one of their side tracks in the city of Lafayette, in Tippecanoe county, State of Indiana, was, while in the exercise of proper and reasonable care on his part, run over, crushed, and wounded by an engine and cars belonging to said defendant, and in charge of their servants, so that he died of said injuries so received in said county and State on the 28th day of October, A. D. 1870; that the servants in charge of said engine and cars, by which the said injuries were inflicted, were fellow-servants of the said Graves, and were acting conformably to all the rules of the said company at the time the said injuries were inflicted; that it was the duty of the said defendant to establish, provide, and promulgate rules and regulations in the management of their engines and cars, so as to insure the safety of the company's employees while in the discharge of the company's business while upon the tracks of said company repairing their said cars; yet the plaintiff avers that the

defendant, by its negligence, carelessness, and unskilfulness in the management of its said engine and cars, and by its failure to provide such rules and regulations in running its said engines and cars upon the said side tracks, so negligently permitted its said engines and cars to be run upon the said side tracks, where its said employees were working, without rules and regulations for their management, that the said Graves by reason thereof received the injuries so complained of, resulting in the death of the said Graves, as aforesaid; that said Graves left as his heirs at law and children the following named persons, to wit: Mary E. Graves, his late wife, Sarah Graves, of the age of —— years, Emma Graves, of the age of —— years, Susan Graves, of the age of —— years, and Eva Graves, of the age of —— years, his children, who have sustained damages in a great sum, to wit, five thousand dollars; that the plaintiff has been duly appointed administrator of the estate of the decedent Graves, in said county of Tippecanoe, where said Graves died, and has sustained damages in a great sum, to wit, five thousand dollars; wherefore he claims damages in the sum of five thousand dollars, and other and proper relief.

" 2d. The administrator aforesaid further complains of said defendant, and says that heretofore, to wit, on the 27th day of October, A. D. 1870, the defendant was possessed of a certain locomotive steam engine, which was then upon a certain station, to wit, Lafayette, in the county of Tippecanoe, State of Indiana, in which and in a certain siding thereon the said Calvin Graves, Jr., was lawfully employed in mending certain cars, which said steam engine was being moved about, and drawing certain cars, under the care, management, and control of the defendant's servants; that it was the duty of the defendant and their servants to use due and proper care, skill, and diligence in and about the management of the said steam engine and cars; yet the said defendant so carelessly, improperly, negligently, and unskilfully managed the said steam engine, and took such little care in the management of said

engine and cars, that by the wrongful act, neglect, unskilfulness, and carelessness of the defendant and its servants, the said steam engine and cars were driven against the said cars, one of which the said Graves was engaged in mending; and thereby the said Graves was violently struck, run over, crushed, and wounded, so that he died of said injuries, so received, at said Lafayette, on the 28th day of October, A. D. 1870; that said Graves left as his heirs at law and children the following named persons, to wit: Mary E. Graves, his late wife, Sarah Graves, of the age of —— years, Emma Graves, of the age of —— years, Susan Graves, of the age of —— years, and Eva Graves, of the age of —— years, his children, who have sustained damage in a great sum, to wit, in the sum of five thousand dollars; that the plaintiff has been duly appointed administrator of the decedent, Graves, in the county aforesaid, where said Graves died, and has sustained damage in a great sum, to wit, five thousand dollars; wherefore he claims damages in the sum of five thousand dollars, and other proper relief.

" 3d. The plaintiff, as administrator aforesaid, further complains of the defendant, and says that the defendant is a railroad corporation, owning, running, and operating a line of railroad from the city of Toledo, in the State of Ohio, through the city of Lafayette, Tippecanoe county, State of Indiana, to the city of St. Louis, in the State of Missouri, a distance of about six hundred miles; that in the transportation of freight it becomes necessary for the defendant to use, and they do use and employ, a large number, to wit, two thousand freight cars; that the said city of Lafayette is a large and important station upon the defendant's railroad, and said defendant has constructed and necessarily uses a large number, to wit, six side tracks in said city of Lafayette of great length, to wit, five hundred feet each, all connected with the main line or track of said defendant's railroad by means of switches; that in the transportation of freight on defendant's road, it frequently becomes necessary, after the cars reach the city of Lafayette, to put them, whether empty or laden,

Hildebrand, Adm'r, *v.* The Toledo, etc., R. W. Co.

upon said side tracks, so that slight but needed repairs to their brakes, bumpers, and other parts can be made without their going into the shops of the company for that purpose; and when said repairs are made, it becomes necessary for the employees of said company to go under and between said cars and make said repairs in such a way as to be greatly exposed to personal injuries without any negligence on their part, if locomotives or other cars are run upon the side tracks where such repairs are going on so as to collide with or jostle against the cars being repaired, or the trains in which they are situated; and the plaintiff further avers that for many years, to wit, five years last past, the defendant has been accustomed repeatedly and almost daily, and as often as the exigencies have required, to place upon said side tracks trains of cars, many of which needed repairs to their brakes, bumpers, and other parts, and she has caused carpenters and other persons to go under and between the said cars, so that it became and was necessary to have rules and regulations for the government of her employees and agents at Lafayette, to the end that none of the persons so employed or engaged in such repairs should be unnecessarily exposed to injury while engaged in such work; and the plaintiff further avers that in the keeping up and operating of said railroad the defendant necessarily employs, and for many years has employed, a large number of locomotives and cars upon construction and repair trains, and that the defendant has been long accustomed to have such construction and repair trains switched off upon the said side tracks in Lafayette, upon which there have been and are cars needing repairs as aforesaid; and the plaintiff avers that a reasonable regard and care for the safety of the employees and servants of the defendant required, and it was the duty of the defendant that it should have made, rules and regulations for the government of her agents and servants at said Lafayette station, that whenever cars were actually undergoing repairs, and men and employees were under and between them, and so exposed to injury from their being jostled or moved by trains or locomo-

tives being placed upon the same side track, the switches leading thereto should be kept closed, or other rules or precautionary measures adopted, so that trains could not enter upon said side tracks to collide with or jostle against such cars undergoing repairs in such a manner as to expose the parties so employed to injury; yet the plaintiff avers and says that the defendant did not make or provide any such rule or regulation to have such switches closed at such times aforesaid, or make any other rules, or take any other precautionary measures, so as to provide against the said cars being so jostled against or moved by trains coming upon said side tracks where the said defendant's servants were repairing the said cars; that heretofore, to wit, on the —— day of October, A. D. 1870, at said Lafayette, the said Graves was in the employ of said defendant as carpenter, and upon the day aforesaid, while engaged in repairing one of the cars of the said defendant upon one of the said side tracks in said city of Lafayette, and while in the exercise of proper and reasonable care on his part, owing to the said switch being left open, and no other rules or precautions being made by said defendant to warn him of its approach, or to notify the person in charge of a certain steam engine and cars then coming upon said side track, where the said Graves was engaged in repairing said cars, of the said situation and exposure of said Graves, and by reason of there being no such rules or regulations, and by reason of the said switch being left open, and by reason of the said steam engine and cars coming upon said side track, where the said Graves was engaged in repairing said car, the said engine and cars were driven against the said cars upon said side track, one of which the said Graves was repairing, and thereby the said Graves was violently struck, run over, crushed, and wounded, so that he died of said injuries so received on the —— day of ——, A. D. 1870; that 'at the time he was so struck' the said Graves, owing to his said position between the said cars, could not see, 'hear, or know that' the said engine and cars were so coming upon the said side track, and

the said parties in charge of the said engine and cars could not, owing to the said cars being between them and the said Graves, see Graves or know that he was engaged in mending said car and so exposed ; that said Graves left as his heirs at law and children the following named persons, to wit : Mary E. Graves, his late wife, Sarah Graves, of the age of —— years, Emma Graves, of the age of —— years, Susan Graves, of the age of —— years, and Eva Graves, of the age of —— years, his children, who have sustained damage in a great sum, to wit, five thousand dollars ; that the plaintiff has been appointed administrator of the estate of the decedent, Graves, in the said county of Tippecanoe, where the said Graves died ; that he has sustained damage in a great sum, to wit, five thousand dollars ; wherefore he claims damages in the sum of five thousand dollars, and other and proper relief."

It will be seen that the charge of negligence is not confined to or made against the servants or employees of the company alone, but the first and third paragraphs of the complaint specifically charge negligence against the defendant itself. It is charged in the first paragraph in these words :

"Yet the plaintiff avers that the defendant, by its negligence, carelessness, and unskilfulness in the management of its said engine and cars, and by its failure to provide such rules and regulations in running its said engine and cars upon the said side tracks, so negligently permitted its said engines and cars to be run upon the said side tracks, where its said employees were working, without rules and regulations for their management, that the said Graves, by reason thereof, received the injuries so complained of, resulting in the death of the said Graves, as aforesaid."

In the third paragraph of the complaint, the charge of negligence against the defendant itself is thus stated :

"Yet the plaintiff avers and says that the defendant did not make or provide any such rule or regulation to have such switches closed at such times aforesaid, or make any other rules, or take any other precautionary measures, so as to provide against the said cars being so jostled against or moved

by trains coming upon said side tracks, where said defendant's servants were repairing the said cars."

These are direct charges of negligence against the defendant itself, and are not confined to the negligence of its servants in killing a co-servant, and are broad enough to admit evidence of all kinds and grades of negligence on the part of the defendant. The complaint must, in such a case, charge negligence against the defendant and allege non-negligence on the part of the plaintiff or injured person, but it is the province of the evidence to show in what the negligence consisted. *The Pennsylvania Company* v. *Krick, ante,* p. 368, and authorities cited.

The counsel on both sides have filed long, able, and searching briefs. The brief on behalf of the appellee is chiefly confined to the question of the liability of the company for the negligence of its servants, by which a co-servant was injured or killed; but we think this is not the case made by the first and third paragraphs of the complaint, as they directly charge negligence against the defendant itself. This is admitted by the demurrer, and we think that no authority can be found where negligence has been directly charged against the defendant, that a demurrer, for want of sufficient facts, has been sustained. How this charge may be avoided by an answer or the evidence is not before us, but only as to whether these paragraphs of the complaint, all allegations therein being admitted by the demurrer, required an answer. We hold that these paragraphs of the complaint required an answer.

We hold the second paragraph of the complaint bad, if for no other reason, because it does not show the non-negligence of deceased.

The judgment is reversed, at the costs of the appellee; with instructions to the court below to overrule the demurrer to each paragraph of the complaint, and for further proceedings.