## DUNN *v.* DUNN.

1. In declaring upon a covenant, an exception, if there be any in the body of the covenant, must be set out, and the subject-matter thereof excluded from the breaches assigned.

2. Where the grantor in a deed covenants that he was well seized, etc., and had good right to convey, etc., and then added that he would warrant and

defend the grantee, her heirs and assigns against all and every person lawfully claiming or to claim the whole or any part of the premises, " except as against the United States," *held*, that both covenants must be taken and construed together, and that the latter restricted and qualified the first.

*Error to District Court of Arapahoe County.*

THE case is stated in the opinion.

Mr. H. P. BENNET, and Mr. EDWARD L. JOHNSON, for plaintiff in error.

Mr. H. R. HUNT, and Mr. V. D. MARKHAM, for defendant in error.

THATCHER, C. J. This was an action for the breach of a covenant of seizin and of a covenant of right to convey inserted in a deed executed by the defendant to the plaintiff.

The declaration, after setting forth a description of the premises conveyed, avers that the defendant for himself, his heirs and personal representatives did covenant with the plaintiff, her heirs and assigns that he was well seized of the premises as of good, sure, perfect, absolute and indefeasible estate of inheritance, in law, in fee simple and that he had good right, full power and lawful authority to grant, bargain, sell and convey the same ; that the same was free and clear from all former and other grants, bargains, sales, liens, taxes, assessments and incumbrances of whatever kind and nature soever ; and that the said bargained premises in the quiet and peaceable possession of the plaintiff, her heirs and assigns against all and any person or persons lawfully claiming or to claim the whole or any part of the said premises, the said defendant did and would warrant and forever defend *except* as against the United States. The breaches assigned are that the defendant was not well seized of the said premises as aforesaid, and that he had not good right to convey the same.

To this declaration a general demurrer was interposed which the court sustains. It is contended by the defend-

ant that the effect of the limiting words added to the covenant of warranty apply to and restrict the otherwise general covenant of seizin and of right to convey, and that, therefore, the exception should have been set out and the subject-matter thereof excluded from the breaches assigned. If the covenants of seizin and right to convey are so qualified by the restrictive words in the exception to the covenant of warranty, the demurrer was properly allowed (Gould's Plead., p. 165, ch. 4, § 20); otherwise, the covenants were pleaded according to their legal effect, and the breaches were properly assigned. This is the sole question discussed and presented for our consideration.

There is a series of covenants all of which it is conceded would be general but for the limiting words following the last. Is the generality of the covenant of seizin and of the covenant of good right to convey restrained by the covenant of warranty which, by express words, except the United States? In construing these covenants courts will take judicial notice that the source of title to mining property in Colorado is the United States. It is only upon compliance with the acts of congress and the statutes of the State made in pursuance thereof that the United States can be divested of, and the locator of mining property or his assigns can be invested with title thereto. With the presumed knowledge of the source of mining titles, the grantee in the deed made purchase of the property therein described.

The text-books and adjudicated cases indulge in many refinements and subtle distinctions in the endeavor to eliminate a rule of universal application in the construction of covenants when any one in a series is limited by express words generally founding the rule upon the particular collocation of the limited covenant in the series, whether it be first, last, or occupy some other place in the series. Rawle, on Covenants, 498 *et seq.* and cases there cited; 3 Washburn on Real Property, 485 and cases cited.

The professed object of the rule is the ascertainment of the intention of the parties to the covenants. But when

the enforcement of the rule would evidently fail of this purpose, it is admitted that it should not be applied. The intention of the parties as gathered from the entire language employed, considered in connection with the subject-matter of the contract, must control every merely technical rule of construction. In the case before us the restrictive clause in the covenant of warranty contains a clear inferential declaration on the part of the grantor that the paramount title to the premises described is in the United States. The attention of the grantee by these limiting words was called to the fact that the grantor recognized a higher and better title than that which he conveyed. Against all persons except the United States, he covenanted to warrant and defend the title. The existence of this superior title asserted by the limiting words in the covenant of warranty is consistent with the right to convey and the seizin in fee of the premises, only when subject to the qualification expressed in the covenant of warranty. This construction will, we think, effectuate the intention of the parties as it was understood at the time the deed was made. *Cole* v. *Hawes*, 2 Johns. Cases, 203, is in principle closely analogous to the case before us. Rawle on Covenants, in a note on page 516, "cautions the student against relying on that case *too strongly* in practice," for the reasons, we presume, that he conceived that it does not fall within the broad rule he lays down. In that case the question before the court was, whether when a grantor covenanted that he was well seized of the premises and had good right to bargain and sell the same, and further, that he would warrant and defend the same against all claims and demands whatever, *except the lord of the soil*, the last limited covenant reached back in its effect and restrained the operation of the two preceding covenants. The court says: "The last covenant explains the first, and in construing them, both must be taken together. The deed itself declares that there existed, distinct from the grantor, a lord of the soil. This was explicitly told to the grantee by the deed. It is not to be supposed that the defendant would, in one line, covenant

absolutely that he was seized, when he admitted and it was so understood by both parties that there was a lord of the soil, and when in the next line the defendant only warranted against all *except the lord of the soil.* This exception was manifestly intended to apply to both covenants. The spirit of the agreement and good sense as well as justice require such a construction."

The cases are comparatively few in which courts have been called upon to determine the effect of such a peculiarly significant limitation of a covenant of warranty. Seeking the intention of the parties, we cannot well see how the case could have been differently decided. In our opinion the demurrer in the case before us was properly sustained.

*Affirmed.*