*L. V. Rosser* and *Stallcup, Luthe & Shaforth,* for appellant.

*Frank W. Ingersoll,* for appellee.

————————→•←————————

## WILSON *v.* D., S. P. & P. R. R. CO.

(*Supreme Court of Colorado, December Term, 1883—Error to the District Court of Arapahoe County.*)

1. PLEADING—COMPLAINT—DEMURRER. A demurrer admits all the facts well pleaded. To a complaint, which, though imperfect, states facts sufficient to constitute a cause of action, demurrer cannot be sustained.

2. SAME—SAME—SAME. Where negligence is alleged in general terms, the complaint is not for this cause obnoxious to a demurrer; nor yet, if the plaintiff possess more specific information, he may be required on motion to make the complaint more definite and certain.

3. DUTY OF RAILROADS TO EMPLOYEES. It is a duty which railroad companies owe to their employees to keep the tracks of their railways free from obstructions that endanger the lives of the latter. This duty is not absolute, but has limitations. The company must use all reasonable precautions and care to secure the safety of its employees.

4. SAME—While the mere fact that an injury to an employee was occasioned by an obstruction of the track, does not make out a *prima facie* case of liability against the company; yet when it is further alleged that the obstruction was upon the track by reason of the negligence of the company, and that the employee was in the discharge of his duty and exercising due care and skill at the time of the injury, such allegations do constitute, *prima facie,* a case of liability against the company, and demurrer to such complaint will not lie.

BECK, C. J. The amended complaint in this case was held insufficient upon demurrer, in the District Court, and the plaintiffs declining to amend further, judgment was given for the defendant, the said railroad company.

The complaint charges that the accident, which is the ground of the action, occurred by reason of the engine on defendant's railroad coming in contact with a log lying across and upon the track of said railroad, at or near Deansbury station, whereby

the engine was thrown from the track into the river adjacent, and the deceased thereby instantly killed.

It alleges that the deceased was in the employ of the railroad company as a fireman upon said engine, but at the time of the accident, by request of the engineer, he was running the engine, and was doing so with due care and skill. That the accident occurred while the deceased was in the discharge of his duty, and that it did not occur by reason of any want of skill or care on the part of the engineer in charge of the engine, or of the deceased, but on account of the negligence of the defendant, alleging in this connection "that said log was on and across said track by reason of the negligence of defendant."

The complaint then alleges that a fire had been raging for the space of twenty-four hours immediately preceding the accident, in a dense growth of pine timber, on either side of the track near the scene of the accident, and that several hours before the accident defendant was notified of the fire, and that in consequence thereof trees were liable to fall upon and obstruct the track; but that defendant neglected to take any precautions to give notice of danger, or to remove obstructions, and that the accident occurred in consequence of said negligence of the defendant, and not otherwise.

It is not alleged specifically that the log got upon the track by reason of the fire, and in this particular the complaint is imperfect and liable to criticism. We are of opinion, however, that this defect was not properly reached by the demurrer.

A demurrer admits all facts well pleaded, and there are sufficient facts well pleaded in this complaint to constitute a cause of action, and to require an answer from the defendant.

The allegations of the employment of the deceased by the defendant; that at the time of the accident he was in the discharge of his duty; that the accident did not occur by reason of negligence or want of care or skill on the part of either the engineer in charge of the engine, or of the deceased, but that it did occur in consequence of the negligence of the defendant in failing to keep its track free from obstruction at the point mentioned, are statements of facts which present an issue. Such issue cannot be met by a demurrer; certainly not by the

demurrer filed herein, the grounds of which are substantially as follows:

*First*—That deceased was out of the line of his duty as fireman, without the knowledge or consent of the defendant, at the time of the accident.

*Second*—It is not alleged that any officer or agent of the defendant, whose duty it was to look after the railroad and guard against obstructions, was notified of danger from falling timber at the place where the accident occurred.

*Third*—The complaint shows that defendant did not have notice of any danger likely to arise from falling timber.

*Fourth*—The complaint does not state facts sufficient to constitute a cause of action.

Courts have held, where negligence has been alleged in general terms, that while the pleading is not for this cause obnoxious to a demurrer, yet if the plaintiff possesses more specific information, he may be required, on motion, to make his complaint more definite and certain. *Filts, Admr.,* v. *Waldeck, imp.,* 51 Wis., 569; *Hayden* v. *Anderson,* 17 Ia., 162; *The O. & M. R'y Co.* v. *Collarn,* 73 Ind., 265; *Railway Co.* v. *Lavally,* 36 Ohio St., 225.

It is a duty which railroad companies owe to their employees, to keep the tracks of their railways free from obstructions that would endanger the lives of the latter. This duty is not absolute, but has its limitations, which are clearly stated by Mr. Justice Elbert in *Colorado Central R. R.* v. *Ogden,* 3 Colo., 510. The learned Judge says:

"The company must use all reasonable precautions and care to secure the safety of its employees, by keeping the roadway in repair. It cannot, through want of watchfulness, expose them to unreasonable risks in this respect and escape liability, but the duty imposed is that of ordinary care. This ordinary care must be measured by the danger of the service, and proportioned to it. Considering the dangerous force which a railway company puts in motion, the term 'ordinary care toward its employees' imposes without doubt a high degree of diligence in keeping the road and all its appliances in proper repair, but it neither warrants nor insures against defects."

While the mere fact that an injury to an employee was occasioned by an obstruction on the track, does not make out a

*prima facie* case of liability against the railroad company, yet when, as in the present instance, it is further alleged that the obstruction was upon the track by reason of the negligence of the company, and that the employee was in the discharge of his duty, and exercising due care and skill at the time the injury was received, such allegations do constitute, *prima facie*, a case of liability against the railroad company.

The late Chief Justice Breese, in commenting upon the liability of railway companies to their employees, upon a review of authorities said:

"The result of which rulings is, not to hold these companies as insurers that their road and appurtenances and instrumentalities are safe and in good condition, but that they must do all that human care and vigilance and foresight can reasonably do, consistent with the modes of conveyance and the practical operation of the road, to put them in that condition and to keep them so.   *   *   *   On the other hand, they are not answerable for latent defects in materials employed in the construction of their machinery, which the usual and well-recognized tests of science and art afford for the purpose, but fail to detect; nor are they liable for accidents occurring by which injury ensues, when skill and experience are not able to foresee and avoid them."    *T., P. & W. R. W. Co.* v. *Conroy*, 68 Ill., 567–81.

One of the principal objections urged in this Court to the complaint is, that the charge of negligence made against the railway company is not sufficient to admit proof of facts fixing the liability of the defendant, for the reason that it is not alleged that notice of the danger to be apprehended was given to the person or officer whose duty it was to oversee and provide against obstructions. This position is not maintainable. The charge of negligence is made directly against the defendant, and the effect of the demurrer is to admit that the obstruction which caused the death of the deceased was upon the track by reason of the defendant's negligence.

In *Hilderbrand's Adm'r.* v. *The Toledo, etc., R. W. Co.*, 47 Ind., 406, the Court say: "The counsel on both sides have filed long, able, and searching briefs. The brief on behalf of the appellee is chiefly confined to the question of the liability of the company for the negligence of its servants, by which a co-servant

was injured or killed; but we think this is not the case made by the first and third paragraphs of the complaint, as they directly charge negligence against the defendant itself. This is admitted by the demurrer, and we think that no authority can be found where negligence has been directly charged against the defendant, that a demurrer for want of sufficient facts, has been sustained. How this charge may be avoided by an answer, or the evidence, is not before us, but only as to whether these paragraphs of the complaint, all allegations therein being admitted by the demurrer, required an answer. We hold that these paragraphs of the complaint required an answer."

In 2 Thompson on Negligence, p. 1246, it is said that negligence on the part of the defendant is the gist of the action, and must be charged in the plaintiff's petition, but that an allegation specifying the act constituting the injury, and alleging that it was negligently and carelessly done, is sufficient. See also pp. 1248 and 1254, *Ib.*, and *Grinde* v. *The M. & St. P. R. Co.*, 42 Iowa, 376.

It is clear from the principles announced and authorities cited that the following further objections to the complaint, made by the counsel for defendant in error, are not available under this demurrer, viz.: That sufficient time had not elapsed after notice of the fire, for defendant to have provided a guard at that place, either to give notice of danger or remove obstruction. That it does not show how long such obstruction had been on the track, or that defendant knew or ought to have known it was on the track. That it does not allege when such notice was had upon the defendant, nor upon what officer or agent of the company, nor how the tree got upon the track.

Chief Justice Breese, in *T. P. & W. R. W. Co.* v. *Conroy*, 68 Ills., 569, in speaking of the strong obligation resting on railroad companies to use all reasonable means to acquire knowledge of the condition of their roads, says: "The law will not allow them to be out of repair an hour longer than the highest degree of diligence requires. And further, it is their duty to keep a sufficient force at command, and of capacity sufficient to discover defects and apply the remedy. Neglecting to keep it in the best condition, if injury occurs thereby, the companies will be held liable, and they ought to be so liable. From this

responsibility they cannot be relieved except by showing that the defect was one which could not be discerned or remedied by any reasonable skill or foresight."

Such is the state of the law upon pleadings of this character, and we must hold that as against the demurrer filed the complaint is sufficient. The defendant may have a perfect defense to the action, but if so the facts constituting such defense must be pleaded.

The judgment is reversed and the cause remanded.

*Reversed.*

*Browne & Putnam,* for plaintiff in error.
*Teller & Orahood,* for defendant in error.