# THIRD DISTRICT 1895.

---

## GULF, COLORADO & SANTA FE RAILWAY COMPANY
## V. J. A. YOUNGER.

### No. 1168.

1. **Practice—Specific Acts of Negligence.**—Where the petition alleges that the injury complained of was the result of negligence, and sets up the specific acts of negligence relied upon, evidence will be confined to these acts. A general allegation of negligence will be controlled by the special acts averred. See example.

2. **Allegation of Statutory Kinship by Plaintiff to Deceased.**—Action by husband and daughter of deceased killed by alleged negligence of employes of a railway company. The petition alleged the relation between the husband and the deceased wife, and alleged that the daughter was the daughter of the husband. This

was not an allegation that she was daughter of the deceased wife. This was a material fact.

3. **Care by Railway at Crossing—Charge.**—The court erred in instructing the jury, "that the law requires those in charge of railway engines and trains to use great care and prudence in operating them, so as to avoid injury to the person or property of other people, and if by want of use of such care and prudence injury was inflicted on others, without the fault of such others, such companies must pay for such injuries and damages;" and it was error to refuse the requested charge: "It is the duty of persons operating a railway train across a public crossing to use ordinary care to prevent collisions with persons or vehicles passing over the track at such crossing; but it is also the duty of persons approaching such crossing to use the same ordinary care to prevent collisions with trains. The duties of each of the parties, i. e., of those operating the train and of those about to pass over the crossing, are equal and reciprocal, and if a collision occurs and both parties fail in their duty as defined above, neither can recover from the other," defining ordinary care.

4. **Affidavit to Return of Depositions.**—The failure of the district clerk to affix his seal to the affidavit required, in article 2231 of the Revised Statutes, to be made by the person delivering depositions into court, may be supplied by appending the seal after motion to suppress; or it may be proved that the affidavit was actually made as required by the statute.

5. **Practice—Parties.**—A married woman was killed at a railway crossing by collision with a passing train. The surviving husband sued for damages, joining with him his daughter and the father of the deceased. The latter without consent. This was irregular. The husband could not make her father a party without his consent otherwise than as a defendant, so that he be given an opportunity to assert his rights if he desires.

6. **Injuries Resulting in Death—Damages.**—Only those named in the statute as entitled to recover for damages, who have actually sustained some injury or loss by reason of the death of a person caused by negligence, can recover.

7. **Argument of Counsel.**—Where the law does not determine any fixed measure of damages, so far as the amount that may be recovered is concerned, counsel should be very careful in keeping within the record in discussing the facts, and in abstaining from suggesting facts not properly in evidence.

8. **Cross-Examination of Witness.**—A witness who had testified that on the approach of the train the bell was not rung, was asked on cross-examination, and after he had admitted knowing three witnesses who had testified that the bell was rung: "These three men testified that they heard the bell on that engine ringing. * * * Is it not possible that you were mistaken about its not being rung?" It was error to exclude the question, which was proper on cross-examination.

APPEAL from Concho.  Tried below before Hon. J. O. WOODWARD. The opinion gives a sufficient statement.

*J. W. Terry* and *Chas. K. Lee*, for appellant.—1. The evidence and charge should be confined to the issues made by the pleadings. It was not alleged or claimed that the defendant's servants failed to use reasonable care after discovering the danger of plaintiff's wife to prevent her injuries, and it was error to admit evidence in support of such issue or submit same to the jury. Where an issue not warranted by the pleadings is submitted to the jury on which they may have found, the case will be reversed. Railway v. Hennessy, 75 Texas, 155; McCain v. Railway, 18 S. W. Rep., 537; Railway v. Terry, 42 Texas,

451; Express Co. v. Darnell, 62 Texas, 639; Knahtla v. Railway, 27 Pac. Rep., 91; Batterson v. Railway, 49 Mich., 184; same case, 13 N. W. Rep., 508; 8 Am. and Eng. Ry. Cases, 123; Ely v. Railway, 77 Mo., 34; Wallahier v. Railway, 71 Mo., 514; Mining Co. v. Wilson, 28 Pac. Rep., 178; Price v. Railway, 3 Am. and Eng. Ry. Cases, 365.

2. The plaintiff's petition nowhere alleges that Della Younger was the daughter of Annie Younger, deceased, and therefore fails to show any right in Della Younger to recover in this case. Rev. Stats., art. 2903; Winnt v. Railway (Texas), 11 S. W. Rep., 907; Lilly v. Railway, 10 S. E. Rep., 932; Railway v. Pitt (Tenn.), 18 S. W. Rep., 118; Serensen v. Railway, 45 Fed. Rep., 407; McIntosh v. Railway (Mo.), 15 S. W. Rep., 80; Wescott v. Railway (Vt.), 17 Atl. Rep., 745; Barker v. Railway (Mo.), 14 S. W. Rep., 280; Geroux v. Graves; 19 Atl. Rep., 987.

3. Under the law, the care required in operating railroad trains and the care required of persons in approaching railroad crossings to avoid collisions are both measured by the same rule. The duties are equal and reciprocal. The court by its charge led the jury to believe that a greater degree of care was required of the railway company than was required of plaintiff's wife, and the charge was erroneous and prejudicial. 4 Am. and Eng. Encyc. of Law, 909, title "Crossings;" Railway v. Hodges, 76 Texas, 90; Leavitt v. Railway, 31 N. E. Rep., 860.

*Guion & Truly,* for appellees.—1. It is the duty of those in charge of railway trains, when running over their respective railways, to use great care in their management and operation, to prevent injury to the persons and property of others, and the failure to use such care, whereby injury results to others, without the fault of such others, will render the owners of such railways or railway companies, as the case may be, liable for the damage resulting from such injuries. Such care was not exercised by appellant's servants in this case. Rev. Stats., art. 4232; Railway v. Matulla, 79 Texas, 582; Railway v. Lee, 70 Texas, 496; Brown v. Griffin, 71 Texas, 157; Stewart v. Receivers, 17 S. W. Rep., 33; Railway v. Breitling, 12 S. W. Rep., 1121; Railway v. Chapman, 57 Texas, 75; Railway v. Kutac, 76 Texas, 476; same case, 72 Texas, 643; Pat. Ry. Acc. Law, sec. 170; Improvement Co. v. Stead, 95 U. S., 161; Thomas v. Railway, 28 Myer's Fed. Dec., 159; Railway v. Gray, 65 Texas, 35; Frick v. Railway, 75 Mo., 595; same case, 8 Am. and Eng. Ry. Cases, 280; Hanks v. Railway, 18 N. E. Rep., 218; Shearm. & Redf. on Neg., sec. 24.

2. The court shall decide on and instruct the jury as to the law arising on the facts. Rev. Stats., art. 1316. Our statute itself requires of those in charge of and operating trains across a public crossing on a public road or street great care as to the making of the required signals. Acts 1883, p. 28.

What facts will constitute that diligence which the law requires, must depend on the circumstances of each particular case. The omission must be considered in relation to the business in which the person whose duty it is to exercise care is engaged. The circumstances and facts in evidence in this case authorized and required the charge of the court complained of, and there was no error in refusing the special charge requested by the appellant. Rev. Stats., art. 1316; Acts 1893, p. 28; Railway v. Matula, 79 Texas, 578; same case, 19 S. W. Rep., 376; Railway v. Hewitt, 67 Texas, 477, 478; Railway v. Boozer, 70 Texas, 531; Railway v. Sympkins, 54 Texas, 615; Pat. Ry. Acc. Law, sec. 170; 4 Am. and Eng. Encyc. of Law, title "Crossings;" Pierce on Rys., 354, 355; Improvement Co. v. Stead, 95 U. S., 161; Frick v. Railway, 75 Mo., 595; same case, 8 Am. and Eng. Ry. Cases, 280; Railway v. Randal, 47 N. J. L., 144; same case, 23 Am. and Eng. Ry. Cases, 308.

3. Ordinary care includes within its definition "slight care" and "great care," and whether slight or great, depends upon the circumstances of each particular case. 16 Am. and Eng. Encyc. of Law, title "Negligence," p. 401, and notes; Railway v. Boozer, 70 Texas, 530; Nugon v. Railway, 4 S. E. Rep., 243.

4. Where the dangerous situation of the deceased was discovered by those operating the train, or should have been discovered by the exercise of ordinary care, so that the injury by the exercise of ordinary care and precaution could have been avoided, the defendant would be liable, whether the person injured was guilty of contributory negligence or not. Railway v. Sympkins, 54 Texas, 622; Railway v. Capman, 57 Texas, 82; Railway v. O'Donnell, 58 Texas, 41; Railway v. Weisen, 65 Texas, 443; Railway v. Cocke, 64 Texas, 158; McDonald v. Railway, 22 S. W. Rep., 944; Railway v. Matula, 79 Texas, 583; same case, 19 S. W. Rep., 346; Shearm. & Redf. on Neg., 36, 493; Meyer v. Railway, 64 Mo., 267.

5. The petition alleges every fact, from which the conclusive legal presumption arises that Della Younger is the daughter of J. A. Younger and Annie Younger, deceased, in this: (1) It is alleged that Annie Younger, deceased, was the wife of J. A. Younger, and that Della was his daughter (of the age of 14 years) at the time of her death; that by her death, Della was deprived of her services, her moral and intellectual training, etc. (2) The law conclusively presumes that J. A. Younger and Annie Younger were lawfully married, and that Della is a legitimate child, the offspring of lawful wedlock. (3) There is no presumption, and no legal inference can be entertained, that J. A. Younger was ever married more than once. One marriage and one lawful child of his is alleged. (4) As a matter of fact, no doubt can be entertained of the relationship of Della Younger to Annie Younger, as a matter of law under the pleadings and the facts stated in plaintiff's petition, Della is conclusively presumed to be the legitimate daughter of J. A. Younger and the deceased, Annie.

6. It was not improper to make Manning, the father, a party, or to sue for his benefit, and to show from the evidence that he had no interest in the life of the deceased, and then for the court to charge the jury to find nothing in his favor, which was done. Railway v. Taylor, 24 S. W. Rep., 104; Railway v. Henry, 75 Texas, 220; Railway v. Johnston, 15 S. W. Rep., 104; Rev. Stats., arts. 2903, 2904.

FISHER, CHIEF JUSTICE.—The court below in effect charged the jury, that if the appellant by its servants could, by the exercise of care, prudence, and watchfulness on their part, have seen the peril and danger in which the deceased, Mrs. Younger, was placed, and after so seeing could, by the exercise of proper care and caution, have avoided the collision by which she was killed, then to find for the plaintiff. The objection to this charge is, that there is no pleading upon which it is based. It is true that the petition alleges that the collision resulting in the death of Mrs. Younger was caused by the negligence of the appellant in operating its trains, and then it continues to set out in detail the acts of negligence relied upon as the basis of recovery. These acts stated do not set up and aver any fact tending to show that the appellant could have avoided the collision by the exercise of proper care after it discovered the dangerous and perilous situation of Mrs. Younger. It seems that Mrs. Younger was killed at a public crossing in the town of Ballinger by the locomotive of the appellant's road, when she was attempting to cross the railroad track at a public crossing in a buggy. The acts relied upon as negligence, as set out in the pleading, are that the appellant was operating and running its train across that public crossing at a reckless and high rate of speed without a proper lookout, and without giving any warning or signal of its approach, and that the approach to its track on which it was operating the train was obstructed by box-cars situated upon a side track.

The case in 24 Southwestern Reporter, 976 (Railway v. Taylor), and the cases there cited, where the court held that a simple averment of negligence upon the part of the railway company was sufficient to let in proof of whatever character of negligence the plaintiff relied upon as the basis for a recovery, are distinguishable from this case, for the reason that in those cases there was no specific ground of negligence alleged, and the rule, as we understand it, upon this question, as cided by this court and in effect stated in Railway v. Scott, is, that where the petition alleges that the injury was the result of negligence, and then continues to set up the specific acts of negligence relied upon, it will be confined to those acts, and the general allegation of negligence will be controlled by the special acts of negligence averred.

This suit was brought by the appellee, Dr. Younger, in his behalf and for that of his minor daughter, Della Younger, and on behalf of Mr. Manning, the father of deceased, Mrs. Younger, the wife of Dr. Younger, who was killed by the collision in question. The petition

avers that Della Younger is a child of Dr. Younger, but it nowhere avers that she is the child of his deceased wife, Mrs. Younger, nor does it state facts from which this court would be warranted to infer that Mrs. Younger was her mother. The verdict and judgment of the court below find in favor of Dr. Younger and Della Younger, stating the amount to which each is entitled. The defect in the pleading in failing to state the relationship of Della Younger to the deceased was brought to the attention of the court below by a demurrer, upon which the court ruled and held it to be sufficient. This ruling of the court is clearly erroneous. In order to entitle one to recover under our death statute, the facts showing the right that so authorizes a recovery must be pleaded. The relationship of Della Younger to the deceased was the essential fact upon which her right to recover is based. If the relationship within the degree mentioned by the statute does not exist, she certainly would not have had any interest in the life of the deceased to that extent that would authorize her under the law to recover. The very life of her case depends upon this fact, and, according to the doctrine of the case of Railway v. Vieno, 7 Texas Civil Appeals, 347, the facts showing her right to recover must be alleged.

The court gave the following charge, which is assigned as error: "You are further instructed, that the law requires those in charge of railway engines and trains to use great care and prudence in operating them, so as to avoid damage and injury to the person or property of other people, and if by want of use of such care and prudence injury is inflicted on others, without the fault of such others, such companies must pay for such injuries and damage."

The appellant requested the following charge, which was refused: "It is the duty of persons operating a railroad train across a public crossing to use ordinary care to prevent collisions with persons or vehicles passing over the track at such crossing; but it is also the duty of persons approaching such crossing to use the same ordinary care to prevent collisions with trains. The duties of each of the parties—i. e., of those operating the train and those about to pass over the crossing—are equal and reciprocal, and if a collision occurs and both parties fail in their duty as defined above, neither can recover from the other. By ordinary care, as here used, is meant such care as a reasonably prudent person would have exercised under like or similar circumstances."

It was error to give the charge as submitted to the jury, and it was error to refuse the charge requested. This question is fully discussed by the Supreme Court in Railway v. Smith, 87 Texas, 348. For the errors discussed, the judgment of the court below will be reversed and the cause remanded.

Some of the other questions presented in the record upon which this court is asked a ruling are presented in the Shieder case (88 Texas, 152), a companion case to this, now pending in the Supreme Court, and will doubtless there be ruled upon before this case is again

disposed of in the court below; and we desire here to say that those assignments of error that we have not discussed have been examined, and we do not think they present reversible error, but in view of another trial we call the court's attention to some of the questions that we are asked to rule upon.

The charge requested in the thirty-fifth assignment of error was, in effect, given in a special charge at the instance of the plaintiff, as shown by page 199 of the record.

As to the question presented in the forty-second assignment of error, in reference to the motion to strike out the deposition of Mrs. Odom, we desire to say that it is likely this question will not occur upon another trial, as the plaintiff will there evidently remove the objection by having the officer, if still in office, to amend, under leave of the court, the affidavit by attaching to it his seal, or by proof being made that the affidavit was actually made as required by law, which we think would be permissible to show.

The point with reference to the joinder of Mr. John Manning as a party plaintiff is probably eliminated, as no recovery was had in his favor; but if the question should again arise, we think that he could not be made a party plaintiff by Dr. Younger without his consent, unless he is brought in as a defendant in the case by the pleadings of the plaintiff, so that he may be given an opportunity under the statute to assert his right if he so desires. Under the law, those entitled to recover are those that have sustained some injury or loss by reason of such death (Railway v. Henry, 75 Texas, 224), and the facts may bear out the proposition that Mr. Manning does not fall within this category. If such is the case, he would not be entitled to recover anything, although he may be improperly brought into the case by the plaintiff, and under such circumstances, making him a party to the record would simply be a question of costs, and would not affect the right of Dr. Younger to recover what the evidence may show he may be entitled to.

We do not think the objections to the depositions of witnesses Middleton and Turner present any error, and they are not, in our opinion, leading and objectionable for the reasons given. The allegation with reference to the amount of injury and damages sustained by Dr. Younger and Della Younger was sufficient. The testimony of Dr. Younger and Dr. Fowler, objected to in the sixteenth, seventeenth, twentieth, and twenty-first assignments of error, was admissible; also, the testimony of Willingham, Patterson, and Weeks was admissible. The remarks charged to one of the counsel for appellee in his address to the jury will probably not again be repeated upon another trial, and in this connection we desire to say that in cases of this character, where the law does not determine or establish any fixed measure of damages, so far as the amount that may be recovered is concerned, counsel in their remarks to the jury ought to be very careful in keeping within the record in discussing the facts and in abstaining from

dealing in argument that would be calculated to call the jury's attention to facts not properly in evidence. The policy of this court is to condemn any argument that is not within the facts, and in cases of this character, sounding in uncertain damages, it has been frequently held that remarks of counsel outside of the record may have influenced the verdict of the jury, when such ruling would not have been made in cases of a different character.

So much of the question as is presented in the fortieth assignment of error as complains of the ruling of the court in refusing the answer of Dr. Rape to the question asked as seeks to prove by him that he may have been mistaken wherein he testified that he heard the bell ring, we think should have been admitted. It was proper to ask the witness this question on cross-examination. In view of a reversal of the judgment, it becomes unimportant for us to rule upon the action of the court in overruling the application for a continuance, and upon the facts of the case. Those assignments of error that relate to the charge of the court and to the refusal of the court to give the charges in question, that we have not in detail discussed, we think present no reversible error.

*Reversed and remanded.*

Delivered March 6, 1895.