[No. 7676.]

## Fox v. Denver City Tramway Company.

1. PLEADINGS.—*Construction.* A complaint for negligence in general and comprehensive terms, capable of being readily understood, and not so general as to mislead, is not subject to a general demurrer; nor to a special demurrer for ambiguity in failing to state with particularity the manner in which defendant was negligent, or the like. (517)

2. ——*Construed.* Action for causing the death of plaintiff's husband by the negligent operation of a street railway car. The complaint alleged that at or about the place where deceased attempted to board the car, defendant had placed a sign "Cars Stop Here"; that while the car was approaching the place of the sign "at a comparatively slow rate", deceased signalled the motor-man, in the usual manner, to stop the car; that when the car reached him deceased "attempted to board it in the usual manner; that defendant well knowing that deceased was about to board said car, negligently failed to stop the car, but con-

tinued the motion thereof, and negligently increased its speed, whereby without negligence on his part deceased was violently thrown off said car." *Held* that the word "attempted", considered in connection with the context, clearly indicates a physical act; and because it is alleged in the same sentence that deceased was violently thrown off etc., the allegation "was about to board said car" plainly means "was in the act of etc." and not a mere mental purpose or intent; that the gist of the complaint is that defendant knowing that deceased was in the act of boarding the car, negligently increased its speed, with the result complained of.   (513-517)

An objection that the complaint fails to state how defendant's negligence was the direct and proximate cause of the injury was *held* sufficiently answered by the allegation; "whereby deceased was violently thrown off said car."   (516)

The manner in which deceased attempted to board the car was held to be sufficiently alleged, because "the usual manner" of boarding a car may be said to be a matter of general knowledge.   The allegation that the car was approaching "at a comparatively low rate of speed" *held* to import that a person of ordinary prudence might attempt to board it with a reasonable probability of safety, and further that the allegation relates to a manner peculiarly within the knowledge of defendant, and for this additional reason the facts were sufficiently alleged.   (516, 517)

3.   ——*Special Demurrer, and Motion to Make more Specific* are substantially concurrent remedies.   (517)

*Error to Denver District Court.*—Hon. HARRY C. RIDDLE, Judge.

Mr. CARLE WHITEHEAD and Mr. ALBERT L. VOGL, for plaintiffs in error.

Mr. GERALD HUGHES, Mr. HOWARD S. ROBERTSON, Mr. FREDERICK P. SMITH, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

On April 20th, 1911, the plaintiff, plaintiff in error here, filed an amended complaint against the defendant, defendant in error here, alleging, in substance, that she is the widow of one Julius A. Fox, who was killed on the

5th day of June, 1910, whilst attempting to board a street car on Sheridan Avenue between Broadway and South Lincoln Avenues, in the town of Englewood; that the street car in question was being operated by and under the control of the defendant, which is a domestic street railroad corporation; that at or about the place where deceased attempted to board such car the defendant had placed, and on the day of the accident was maintaining, a public sign bearing the word "Cars Stop Here", or similar words, being such a sign as is used by the defendant, in Denver and Englewood, to designate the places where it will stop its cars to take on and let off passengers; that the deceased went upon Sheridan Avenue and signaled in the usual manner to the motorman to stop the car for him to board it; that when deceased first signaled the car was coming around the corner from South Lincoln Avenue onto Sheridan Avenue, approaching the "Cars Stop Here" sign; and "'was traveling at a comparatively low rate of speed''; "that when the car so signaled by deceased reached him he attempted to get aboard thereof in the usual manner, but the defendant, its servants, employées or agents, well knowing that deceased was about to board said car, negligently and carelessly, and in disregard of the aforesaid sign, and in disregard of the signal of deceased, as aforesaid, and in disregard of the attempt of the deceased to board said car as aforesaid, failed to stop said car, and on the contrary negligently and carelessly continued said car in motion, and negligently and carelessly increased the speed of said car instead of slacking it, whereby, and without any negligence on his part, deceased was violently thrown off said car, and precipitated against said car and against the trailer attached thereto, and was violently thrown to the ground, and was thereby so crushed, wounded, mangled and bruised that he died within a few minutes thereafter from the effects thereof"; "that when deceased signaled to the motorman to stop said car as aforesaid he   *   *   *   was in front thereof and near the

track upon which said car was running, and so near to the sign above mentioned that if said motorman had stopped said car at the place as indicated by said sign, deceased would have been able to board said car thereat in the usual and ordinary manner while so stopped''; that it was defendant's duty upon being signaled by deceased to stop the car at the place designated by the sign to_af- ford him a reasonable opportunity to get aboard thereof, but that defendant disregarded its duty, and negligently failed and refused to stop the car; and that by reason of the matters alleged plaintiff has been damaged in the sum of five thousand dollars.

Defendant demurred to the amended complaint on two grounds: 1. That it does not state facts sufficient to constitute a cause of action. 2. That it is ''ambiguous, uncertain and unintelligible, and particularly in failing to state specifically in what manner and respect the defend- ant's agents and servants in charge of its car were guilty of negligence, and also in what manner and respect said negligence, if any, on their part was the direct and proxi- mate cause of said accident; and also in failing to spe- cifically allege in what manner and respect the deceased was endeavoring to board said car, and whether said car, at the time the deceased attempted to board the same, was then and there in motion, and if so, at what speed the same was moving.'' The demurrer was sus- tained and plaintiff elected to stand upon the amended complaint. Judgment was entered for defendant, which the plaintiff brings here for review.

Upon the authority of *McGonigle v. Kane,* 20 Colo. 292, 38 Pac. 367, the complaint clearly states a cause of action, and was not vulnerable to general demurrer. See also *Adams Express Co. v. Aldridge,* 20 Colo. App. 74, 77 Pac. 6, and *Wilson et al. v. D. S. & P. P. R. R. Co.,* 7 Colo. 101, 2 Pac. 1. The rule applicable on this proposi- tion is well stated in *Downey v. Colorado Fuel & Iron Co.,* 48 Colo. 27, 108 Pac. 972, as follows:

''The rule is, if the facts alleged, with all fair and reasonable deductions which may be drawn

therefrom, are sufficient to state a cause of action, the complaint must be upheld as against general demurrer. Such is the settled doctrine of this court. —*Insurance Company v. Bonner,* 24 Colo. 222, 49 Pac. 366.''

A careful analysis of the complaint discloses that the objections urged by special demurrer are not well taken. The first assignment is that it fails to state specifically the manner and respect in which defendant was negligent. The allegations of the complaint to this point are ''that when the car so signaled by the deceased reached him he attempted to get aboard thereof in the usual manner, but the defendant, its servants, employees' or agents, well knowing that deceased was about to board said car, negligently and carelessly * * * failed to stop said car, * * * and negligently and carelessly increased the speed of said car instead of slacking it, whereby, and without any negligence on his part, deceased was violently thrown off said car; * * * that when deceased signaled to the motorman to stop said car as aforesaid he * * * was in front thereof and near the track upon which said car was running and so near to the sign above mentioned that if said motorman had stopped said car at the place as indicated by said sign, deceased would have been able to board said car thereat in the usual and ordinary manner while so stopped.'' The word ''attempted'', as used in the first allegation, clearly indicates a physical act, and the word ''about'', as there used, considered in connection with the context, plainly means ''in the act of'', no mere mental purpose or intent, for it is stated in the same sentence that deceased ''was violently thrown *off* said car,'' thus showing actual contact with the car by deceased while attempting to board it. If it be assumed that the defendant was guilty of negligence in failing to stop its car upon signal of the deceased at the place designated by the sign as a regular stopping place, thus affording an opportunity to board it, this was not such negligence as would support an action for injury to the person. It

follows that the only act of negligence upon which recovery if supported by proper proofs, may be had in this case is that of carelessly accelerating the speed of the car, knowing that deceased was attempting to board it. The allegation upon this point is specific and definite charges how and in what respect the defendant was negligent. The gist of it is that defendant, knowing that deceased was in the act of boarding the car, *i. e.*, had taken hold of it, negligently increased the speed thereof with the result that deceased, because of such increased speed, was thrown from the car and killed.

The second objection is that it fails to state how defendant's alleged negligence was the direct and proximate cause of the injury. The allegation of the act of negligence in accelerating the speed of the car is followed by this averment: "whereby, and without any negligence on his part, deceased was violently thrown off said car", that is, the acceleration of the speed of the car is the negligence directly and specifically charged as the proximate cause of the injury of which complaint is made.

The third ground, that the manner in which deceased attempted to board the car is not alleged with sufficient definiteness, is likewise untenable. The allegation against which it is directed is that deceased "attempted to get aboard thereof (the car) in the usual manner". The usual manner of boarding a street car may be said to be a matter of general knowledge, and in this character of case, where the accident resulted in the immediate death of the party, it is undoubtedly true that everything within the plaintiff's knowledge has been alleged with as reasonable certainty as possible. Under the circumstances of this case, to compel plaintiff to allege whether the deceased took the initial step with the right or left foot, and simultaneously grasped the handles of the car with one or both hands, or was facing in a particular direction, would be in effect to practically require the impossible.

The last objection, that there is a failure to allege whether, at the time deceased attempted to board the car,

it was then and there in motion, and if so, at what speed it was moving, may be disposed of substantially the same as the preceding objection. It is alleged that the car "was traveling at a comparatively low rate of speed". This shows that the car was in motion, and the expression "at a comparatively low rate of speed" was, under the circumstances, equivalent to stating that the rate of speed was sufficiently low to warrant a person of ordinary prudence in attempting to board it with reasonable probability of safety. The allegation clearly pertains to a matter peculiarly within the knowledge of the defendant and the facts were therefore sufficiently stated.

The following authorities are to the effect that when an allegation is in general and comprehensive terms, capable of being readily understood by defendant and not so general as to be misleading, it is not subject to the sort of objection urged: *DuBois v. First National Bank,* 43 Colo. 401, 403, 96 Pac. 169; *National Fuel Co. v. Green,* 50 Colo. 307, 313, 115 Pac. 709; *Union Gold Mining Co. v. Crawford,* 29 Colo. 511, 517, 69 Pac. 600; and 6 Ency. Pl. & Pr. p. 271, and notes. This rule is especially applicable to the situation here presented, and the amended complaint shows a fair and reasonable compliance with it.

In the case of *Adams Express Co. v. Aldridge, supra,* substantially the same objections were interposed to the complaint by motion to make more specific, under § 60 *Mill's Ann. Code,* and overruled. That decision is in point here, because the reasoning which would support a certain conclusion as against the motion would be equally applicable to a special demurrer interposed on like grounds, the two being essentially concurrent remedies.— *Orman v. Mannix,* 17 Colo. 564, 30 Pac. 1037, 17 L. R. A. 602, 31 Am. St. Rep. 340; *Hall v. Cudahy,* 46 Colo. 324, 104 Pac. 415; *Michael v. Mills,* 22 Colo. 439, 45 Pac. 429; and 6 Ency. Pl. & Pr. p. 273. The rule applicable is stated in that case, citing *Wilson v. Railroad Co.,* 7 Colo. 101, 2 Pac. 1, and other authorities in support thereof, and may be gathered from the following quotation:

"But, unless the facts which the motion demanded were within the knowledge of the plaintiff, they could not have been stated; and to require their statement would have been to require an impossibility. The driver might have been asleep; or, instead of looking before him, or observing what was in his way, his attention might have been fixed on some object in another direction; or he might have been heedless generally, and oblivious to his surroundings. Such things as these, and other possible elements of negligence on the part of the driver, if they existed, the plaintiff could not be supposed to know. Presumptively, it was not within her ability to furnish the specific facts for which the motion called; and any attempted explanation by her of the negligence, would have been based on conjecture. But if she had undertaken to specify particular acts of negligence, she would have been confined in her proofs to those acts; so that, in case of mistake in her allegations, she would have been driven out of court, even if her cause was meritorious.—*Ry. Co. v. Younger,* 10 Tex. Civ. App. 141 [29 S. W. 948]; *Wallace v. R. R. Co.,* [Tex. Civ. App.] 42 So. 865."

The complaint under consideration is more direct and specific and much fuller in its allegations than the one approved in that case. Moreover, in view of the fact that this is an action by the widow, the death of whose husband occurred within a few minutes after the accident, the allegations complained of seem, upon the whole, quite as definite and certain as plaintiff could reasonably be expected or required to make.—*Chicago City Ry. Co. v. Jennings,* 157 Ill. 274, 41 N. E. 629.

The court erred in sustaining the demurrer to the complaint and dismissing the action. The judgment is reversed and cause remanded with directions to permit the defendant to answer as it may be advised.

Judgment reversed and cause remanded with directions.

Chief Justice Musser and Mr. Justice White concur.