## ALLEN–FIGH MOTOR CO. v. HODGKINS MOTOR CO.

### No. 3451.

Court of Civil Appeals of Texas. Amarillo.
Oct. 8, 1930.

Rehearing Denied Nov. 5, 1930.

E. E. Diggs, of Childress, for appellants.

O. C. Broughton, of Childress, for appellees.

HALL, C. J.

This suit was instituted by J. D. Hodgkins and W. C. Davis of Jackson, Miss., constituting the firm Hodgkins Motor Company, against the Allen-Figh Motor Company, a partnership composed of T. E. Allen and J. R. Figh of Childress county. The plaintiffs alleged that they were the owners of a certain automobile which was stolen from them by a man named Burd on or about August 30, 1928. They caused a writ of sequestration to be issued, and the property was taken from the possession of the defendants Allen-Figh Motor Company. The defendants having failed to replevy the property within ten days, plaintiffs filed their replevy bond and took the automobile into possession and transported it from Childress to Jackson, Miss. The evidence shows it was in plaintiffs' possession at the time of the trial.

The defendants answered by a general denial.

There was a trial to the court without a jury, resulting in a judgment in plaintiffs' favor for the recovery of the automobile and a finding that its value was $575.

The case seems to have been briefed upon the theory that the Hodgkins Motor Company was a partnership before W. C. Davis purchased an interest therein. The record shows that J. D. Hodgkins owned the business individually and was conducting it under the name of Hodgkins Motor Company. The automobile was stolen about the 30th day of August, 1928. Davis acquired an interest in the business about the 1st of January, 1929. The Allen-Figh Motor Company did not acquire the automobile until some time early in the year of 1929, and, as suggested by appellees, they had no cause of action against appellants until the latter had acquired the automobile.

The first contention urged is that, the plaintiffs having alleged that Hodgkins and Davis composed the partnership of Hodgkins Motor Company on or about the 30th day of August, 1928, when the automobile was stolen from them and because it was shown in the evidence that Davis was not a member of the firm until January 1, 1929, the plaintiffs failed to prove the material allegations of their petition, and judgment should have been for defendants for the recovery of the automobile.

The next contention is that, because the evidence shows conclusively that Burd did not steal the automobile from the Hodgkins

Motor Company but traded for it, taking it as exchange for other property, the judgment should have been for the appellants. This contention raises simply an issue of fact which has been settled against appellants by the trial court upon a conflict of evidence upon that issue. We are not authorized to disturb the court's finding.

The third contention to the effect that, because Burd had traded for the automobile in question and the plaintiffs had sold the car which they took in exchange from Burd, they were estopped to assert any claim to the automobile in question. There is no merit in this contention for several reasons. The appellants did not plead estoppel, and the facts asserted do not constitute an estoppel.

The principal contention under all of the propositions is that, because Davis owned no interest in the business at the time the automobile in question was stolen by Burd, and because he purchased an interest afterwards and before the filing of this suit, there is a variance between the allegation and proof in this, that the petition alleges that the automobile was owned by and stolen from the plaintiffs and the evidence discloses that Davis owned no interest in the business until after Burd had reached Texas with the stolen car. This contention we think is also without merit. The appellants filed no sworn plea, as required by R. S. art. 2010, denying the capacity of Hodgkins and Davis to sue or their right to recover in the capacity in which they sued, nor did they file a sworn plea denying the partnership relation at the time the cause of action accrued, or that there was a misjoinder of parties plaintiff. They are therefore in no position to raise that issue in this court. 1 Tex. Jur. pp. 132, 140, §§ 96, 100; Ackermann v. Ackermann (Tex. Civ. App.) 60 S. W. 366. As stated in Townes Texas Pleading (2d Ed.) 437: "There are certain facts which, if properly pleaded by the plaintiff, can only be put in issue by the defendant by verified answer. This is true of nearly all the defensive matters enumerated in the statute as necessary to be verified."

The record shows that the business was owned by Hodgkins alone at the time it is alleged the automobile was stolen. That Davis thereafter purchased an interest in the business. The terms of his purchase are not stated, nor does the record show what interest he acquired. It may be reasonably presumed that he became a partner in the business, and, if so, we may infer that he acquired an interest, not only in the property on hand, but in the choses in action as well. The stolen automobile had been a part of the business. The cause of action arising thereon would also be a part of the business, and, in the absence of proof to the contrary, we think it is our duty to assume that Davis owned an interest in the claim and as such was entitled to be joined in the suit. Under these conditions, the question of variance between the pleading and proof is not in the case. This is not a suit upon a contract, either oral or written, and no objection upon the ground of variance was made in the trial court. T. & P. Ry. Co. v. Porter (Tex. Civ. App.) 41 S. W. 88; Western Union Telegraph Co. v. Trice (Tex. Civ. App.) 48 S. W. 770; Bay Lumber Co. v. Snelling (Tex. Civ. App.) 205 S. W. 763.

Even if appellants' contentions were true and as insisted Davis had no interest in this suit, then there is only a misjoinder of plaintiffs and the error in rendering judgment for the members of the firm jointly is harmless. Satterwhite v. Rosser, 61 Tex. 166; G., C. & S. F. Ry. Co. v. Younger, 10 Tex. Civ. App. 141, 29 S. W. 948. A misjoinder of either parties or causes of action may be waived (Madden v. Shane [Tex. Civ. App.] 185 S. W. 908), and has been waived in this case by appellants' failure to properly raise the question in the court below (Gentry v. McCarty [Tex. Civ. App.] 141 S. W. 152; 47 C. J. 219, § 425, and authorities cited).

The judgment being for the plaintiffs, and the evidence showing that plaintiffs had possession of the automobile, we think the court correctly entered a judgment decreeing the title and possession thereof to plaintiffs.

We find no reversible error, and the judgment is affirmed.