## DIXIE MOTOR COACH CORPORATION v. SWANSON et al.

### No. 12462.

Court of Civil Appeals of Texas. Fort Worth.
May 30, 1931.

Leachman, Gardere & Bailey, of Dallas, and Raymond E. Buck, of Fort Worth, for appellant.

Callaway & Wade, of Fort Worth, for appellees.

CONNER, C. J.

Mrs. Bessie Swanson, for herself and as next friend for her children, Aubrey Lee, Albert, Jr., Billie, Harold, and J. W. Swanson, all minors, the wife and children respectively of A. L. Swanson, deceased, and H. S. Swanson, the father of the deceased, brought this suit in the district court of Tarrant county against the Dixie Motor Coach Corporation to recover damages alleged to have resulted from the death of A. L. Swanson, which occurred on April 22, 1929, in an automobile accident.

The accident occurred near the intersection of the Fort Worth-Denton state highway and the Birdville graveled road. The highway is a paved road, and runs in a general north and south direction; the Birdville road is graveled, and runs in a general east and west direction, the west end terminating in the highway.

A coach or bus belonging to appellant was traveling from Fort Worth to Denton, loaded with passengers. A gravel truck, which at the time was being driven by Mr. Swanson, loaded with gravel, was traveling in a westerly direction on the Birdville road; the purpose of Swanson being to enter the highway, turn to the left, and proceed south in the direction of Fort Worth. A short distance south of the junction of the two roads was a concrete bridge over a small ravine; just south of the Birdville road at the point where it entered the highway was a gas and oil filling station; a short distance north of the junction of the two roads on the left or opposite side of the paved highway was another filling station.

The plaintiffs alleged that the deceased entered the paved highway with the purpose of crossing its center line to the west side and turning south in continuation of his journey; that the bus on the highway, soon after crossing the concrete bridge, turned to the left and proceeded north on the left-hand side, when the two cars collided. The truck struck the bus a short distance behind the front wheel, with the result that the truck was turned over and Swanson killed.

The plaintiffs alleged that the bus was owned by the defendant Dixie Motor Coach Corporation, and at the time was being operated by its employee in the conduct of its business.

It was further alleged that the driver of the bus was negligent in a number of particulars, including a failure to keep a proper lookout; in operating the bus at an unlawful and dangerous rate of speed; and in turning to the left and assuming a position on the left-hand side of the highway.

The defendant pleaded a general denial and contributory negligence on the part of the driver of the truck in a number of particulars not thought to be necessary to mention.

Upon the conclusion of the evidence, the case was submitted to a jury upon 33 special issues. We think it sufficient to say that the issues of negligence on the part of the driver of the bus, as above detailed, were found in favor of the plaintiffs; and that the defensive issues of contributory negligence, etc., were found against the defendant, damages being assessed in the aggregate sum of $16,000, for which, apportioned as the jury had directed, the court entered its judgment in favor of the plaintiffs. From this judgment the defendant has appealed.

As noted in the beginning, the plaintiffs alleged that the bus involved in the accident was owned by the defendant, Dixie Motor Coach Corporation and was at the time being operated by its agent, servant, or employee, while acting within the scope of his employment. But these issues were neither submitted nor requested; nor is there a jury finding supporting these allegations; and the appellant corporation in its amended motion for new trial complained of the action of the trial court in rendering its judgment against the appellant because there was no finding by the jury that appellant owned the bus in question; and also because there was no finding by the jury that the bus in question was being driven at the time by one of its agents, servants, or employees acting within the scope of his employment. The motion for new trial was overruled, and error is assigned to the action of the court in rendering judgment in the absence of such findings.

While it is true, as appellant insists, that there was neither a request for nor a finding to the effect that the bus in question was owned by the appellant corporation, or that the driver was at the time in its employment and acting within the scope of his employment, yet we think it should be stated that the undisputed evidence shows that the bus was owned by, and was being used in the business of, appellant corporation, and that at the time of the accident it was being operated by one Joe Pittman in the course of his employment as a servant of appellant. Appellees accordingly insist that, under the operation of article 2190, Rev. Statutes of 1925, as construed in the case of Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, we should imply a finding by the court in favor of plaintiffs upon the submitted issues. The statute referred to, in so far as necessary to state, reads: "When the court submits a case upon special issues, he shall submit all the issues made by the pleading. Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment. Upon appeal or writ of error, an issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment if there is evidence to sustain such finding. * * *"

The case of Gause-Ware Funeral Home v. McGinley, 41 S.W.(2d) 433, recently decided by this court, opinion not yet published [in State reports], was one in which McGinley sued to recover damages alleged to have resulted from a collision with an ambulance operated by an agent of the Gause-Ware Funeral Home. The petition of plaintiff, however, failed to allege that the driver of the ambulance was at the particular time of the collision "engaged in the performance of his employer's business," and we held that the petition was subject to the demurrer urged against it. Among others, we cited the case of Hall v. Jackson, 3 Tex. 305, which holds that facts not alleged, though proven, will not support a judgment. We further held that it was certainly necessary to prove that the driver of the ambulance "was at the particular time of the collision engaged in the performance of his employer's business," citing the following cases: International & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902; Galveston, H. & S. A. Ry. Co. v. Currie, 100 Tex. 136, 96 S. W. 1073, 10 L. R. A. (N. S.) 367; Hill v. Staats (Tex. Civ. App.) 187 S. W. 1039; Van Cleave v. Walker (Tex. Civ. App.) 210 S. W. 767; Miller v. Pettigrew (Tex. Civ. App.) 10 S.W.(2d) 168; Rew v. Stoddard (Tex. Civ. App.) 225 S. W. 836; Cole v. Wright (Tex. Civ. App.) 18 S.W.(2d) 242; Langford v. El Paso Baking Co. (Tex. Civ. App.) 1 S.W.(2d) 476.

Plaintiffs' allegations in the case before us that the bus was owned by the appellant corporation and was at the time being driven and operated by one of its servants during the course of his employment were essential allegations; they lie at the very foundation of the plaintiffs' case, which, as we think, is well established by the authorities, and must be established in the way and by the agencies the law designates. Our Supreme Court in the case of Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, construed article 2190 in connection with its related statutes, and concluded, quoting from the headnotes, that: "Where case is tried to jury on special issues, unrequested and unsubmitted issues may be deemed as found by court in favor of judgment, when there is evidence to sustain findings, only if omitted issues are correlative, in accord with, and supplemental or incidental to, and in support of, issues submitted, and not if omitted issues constitute complete, independent ground of recovery or defense, under Rev. St. 1925, art. 2190, in view of articles 2185, 2186; 'special issues' submitted to jury are separate and distinct questions or issues of fact, germane and material to cause or causes of action on which plaintiff relies for recovery or defendant for defense."

In Texas Employers' Ins. Ass'n v. Wright, 4 S.W.(2d) 31, it was held by Section B of our Commission of Appeals, in a case under the Workmen's Compensation Law, that, where a case was submitted to a jury upon special issues, and where the issue of right to a lump sum payment was not submitted nor requested by either party, the issue, quoting from the headnote, "was waived by plaintiff, and trial court had no authority to render judgment for lump sum upon the hearing for judgment after jury had been discharged."

The same section of the Commission of Appeals in the case of Montrief & Montrief v. Fort Worth Gas Co., 4 S.W.(2d) 964, held that it was error for the trial court to render judgment on a cross-action where the basic issue was not submitted to, and finding made thereon by, the jury.

In Norwich Union Ins. Co. v. Chancellor, 5 S.W.(2d) 494, 495, by Section B of the Commission of Appeals, it was alleged that Chancellor, who was suing to recover under the Workmen's Compensation Law as an employee under one Wattinger, had the burden of proving that he, Chancellor, was an employee of Wattinger, and it was there said: "This vital issue of whether or not defendant in error was an employee of Wattinger was not submitted by the court, nor was it requested by either party to be submitted. Under these circumstances, such issue was waived, and the presumption cannot be indulged that the trial court found it in such way as to support his judgment"—citing Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, and Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591.

In Stuard v. Vick, 9 S.W.(2d) 494, by the Eastland Court of Civil Appeals, it was held that the ground alleged for the cancellation of a deed based on fraud through undue influence was waived by the plaintiff, where no request to have such ground submitted to a jury was made.

Of like judicial effect, we think, are the cases of Travelers' Ins. Co. v. Washington, 5 S.W.(2d) 783, by the Beaumont Court of Civil Appeals; Maryland Casualty Co. v. Long, 9 S.W.(2d) 458, by the Texarkana Court of Civil Appeals; Risinger v. First State Bank of Abernathy, 12 S.W.(2d) 242, by the Amarillo Court of Civil Appeals; Simpson & Co. v. City of Lubbock (Tex. Civ. App.) 17 S.W.(2d) 163; Zurich Gen. Accident & Liability Ins. Co. v. Thompson, 19 S.W.(2d) 153, by the Amarillo Court of Civil Appeals; Mayor v. Breeding, 24 S.W.(2d) 542, by the San Antonio Court of Civil Appeals; Griffin v. Burrus, 24 S.W.(2d) 805, by the Amarillo Court of Appeals.

As before indicated, the plaintiffs below and appellees here had no cause of action whatever against the appellant corporation, in the absence of allegation and proof, not only that the driver of the bus was guilty of acts of negligence charged, but also that such driver was an employee of the corporation, and as such engaged in the performance of his master's business. In Texas Jurisprudence, vol. 1, p. 622, it is said, in defining the term "cause of action," that: "Facts showing the plaintiff's primary right are as much a part of the cause of action as those showing a violation of the right"—citing the cases of Mercantile Bank & Trust Co. v. Schubart, 115 Tex. 114, 277 S. W. 621; Watson v. Jackson (Tex. Civ. App.) 264

S. W. 603, 608; Pittman & Harrison Co. v. Boatenhamer (Tex. Civ. App.) 210 S. W. 972; Planters' Cotton Oil Co. v. Whitesboro Cotton Oil Co. (Tex. Civ. App.) 146 S. W. 225.

In the early case of Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S. W. 79, 881, it was said, quoting from the headnotes, that: "The court, on a trial by jury, has no power to enter judgment upon facts well pleaded and indisputably proved, unless the issue presented and proved has been found by the verdict in favor of the party for whom judgment is rendered."

Under the authorities, we can but feel that we must sustain appellant's first proposition, based on its assignments of error 92 and 93, complaining of error in the judgment of the trial court rendered for the plaintiffs, in the absence of a finding by the jury on the issues above discussed.

■ Appellant under its tenth proposition, based on assignments 73 and 74, complains of the action of the court in refusing to submit the following timely requested issues, to wit:

"Do you find from a preponderance of the evidence that immediately prior to the time the bus driver swerved to his left, that it reasonably appeared to him that a collision with the gravel truck was imminent, and that said bus driver swerved or turned his car over to the left hand side of the road to prevent or avert a collision with the gravel truck?"

"Do you find from a preponderance of the evidence that said bus driver, in swerving or turning immediately to his left, after believing that a collision was imminent and for the purpose of avoiding or preventing an accident, if you have so found, did that which an ordinarily prudent person would have done under the same or similar circumstances?"

We think the evidence undoubtedly raised the issues presented in the special issues refused. Indeed, it is not contended otherwise in behalf of appellees. The contention is that the court's charge sufficiently submitted the issues requested. In the main charge the court did submit, as appellees insist, issues 4, 5, and 6. The inquiry in special issue No. 4 was whether the bus driver just prior to the collision was driving on the left side of the center of the highway; and issue No. 5 was whether the bus driver was guilty of negligence in driving on the left side of the highway; and issue No. 6, if No. 5 was answered "Yes," was whether such negligence was the proximate cause of the collision. We think the court's issues failed to present that distinct and affirmative presentation of defendant's defense and reply to plaintiffs' charge of negligence on the part of the driver, contemplated by the case of Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, and numerous cases following it.

It is suggested that in driving on the left-hand side of the road the bus driver violated a

statutory regulation, and hence that under no circumstances could appellant escape the results of actionable negligence. But the cases of Taber v. Smith (Tex. Civ. App.) 26 S. W.(2d) 722, 725, and Hicks v. Morgan Co. (Tex. Civ. App.) 259 S. W. 263, seem opposed to giving effect to the suggestion. In the case of Taber v. Smith, a truck was being operated at night without lights, in violation of article 798 of the Penal Code. The owner pleaded and proved as an excuse therefor that the ignition system had been in good repair; that he did not know of, and had no reason to expect, any defect; that the lights went out suddenly on the road, where he could get no relief from a garage to repair the lights or pull the car in; that under these circumstances the driver drove slowly and carefully on the right-hand side of the road to a garage to have the lights repaired. He then requested an issue as to whether, under the explanations and reasons given as to why the truck was being operated without lights, such was negligence, which the court refused. On appeal, the Amarillo Court of Civil Appeals had this to say: "Proof that the truck was being operated in violation of a statute or ordinance, does not conclusively establish actionable negligence on the part of the defendants or their deliveryman, in driving the truck slowly, although without lights. Though he was acting technically in violation of the state law, nevertheless, if the evidence tended to show that he was using such a degree of care as an ordinarily diligent and careful person would exercise under the same or similar circumstances, the issue of negligence was one of fact and the defendants' special issue No. 2 should have been given. Co-operative F. Co. v. Southern Surety Co. (Tex. Civ. App.) 264 S. W. 201; 45 C. J. 731, § 121; 5 Tex. Jur. 689; 42 C. J. 887."

The case of Hicks v. Morgan, 259 S. W. 263, 265, by the Beaumont Court of Civil Appeals, involved an accident similar to the one in this case. The pleading of defendant was substantially the same as in the one before us on the excuse for swerving to the left. The trial court there, as here, refused to submit the issue to the jury, and the same was held to be error; the language of the court being as follows: "But be that as it may, we feel certain that the court was in error in declining to give, at appellant's request, a special instruction which was, in substance, that if, as the two cars approached, appellant was on his right-hand side of the road and appellee was on his left-hand side of the road at the time, and the two cars continued to so approach each other, and did so approach each other until it reasonably appeared to appellant that they would come in collision, and that acting upon such appearance, if he did, appellant in order to prevent a collision, suddenly swerved or turned his car to the left, and that in doing so he did what an ordinari-ly prudent person would have done under the same or similar circumstances, appellant would not be guilty of negligence, and that in making their answer on that point they would bear such instruction in mind. Appellant had fully pleaded the facts as a basis for this instruction, and the evidence adduced by him amply sustained the allegation. This being true, it was appellant's right to have the issues submitted, and the court erred in declining to do so. There was nothing anywhere in the court's charge to inform the jury that appellant would not be guilty of negligence in bringing about the collision if the facts were as submitted in this special instruction. If, immediately before the actual collision of the cars, appellant was traveling on his right-hand side of the road, as the law required, and if the appellee was traveling on his left-hand side of the road, as appellant had alleged and introduced evidence to prove, and if it reasonably appeared to appellant that it was necessary, in order to avert a collision of the cars, for him to swerve his car to the left, and if in doing so he did that which an ordinarily prudent person would have done under the same or similar circumstances, he certainly was not guilty of negligence in that respect. It seems to us that without proper instruction from the court in this connection the jury had no guide by which to determine appellant's negligence, if he was negligent, on the vital point in the case."

We sustain the propositions and assignments of error here discussed.

A number of other questions we think may be disposed of briefly. For instance, the court in submitting the issues to the jury inquired whether the acts of negligence submitted in the issues constituted "a proximate cause or did it proximately contribute to cause the collision." The court defined the term "proximate cause" in approved terms, but failed to define the term "proximately contribute," and the following cases seem to indicate that this should have been done, appellant having objected to the charge for not having done so: See Dallas Ry. Co. v. Warlick (Tex. Com. App.) 285 S. W. 302; Blanch v. Villiva (Tex. Civ. App.) 22 S.W.(2d) 490; Robertson v. Holden (Tex. Com. App.) 1 S.W.(2d) 570; Thomas v. Goulette (Tex. Civ. App.) 12 S.W. (2d) 829; Linn Bros. Motor Co. v. Williams (Tex. Civ. App.) 293 S. W. 658; Rio Bravo Oil Co. v. Daniel (Tex. Civ. App.) 20 S.W.(2d) 369, 373; Jones v. Gibson (Tex. Civ. App.) 18 S.W.(2d) 744.

So, too, we think, the court in submitting issue No. 5 of whether the bus driver was guilty of negligence in driving on the left-hand side of the center of the highway should have confined the inquiry to the allegations of the plaintiffs' petition; in other words, the inquiry should have been as to whether the driver was guilty of negligence in driving on

the left-hand side of the center of the road under any one or all of the many circumstances alleged by the plaintiffs as constituting such act of negligence. The issue as submitted seems subject to the objection that the jury in answering the issue was permitted to go beyond the scope of the pleadings relating thereto.

Numerous assignments of error are presented, urging objection to arguments of counsel for plaintiffs in presenting the evidence to the jury, but, in view of the criticisms made, we think it hardly probable that the same arguments will again be presented, and that we hence need not discuss the numerous assignments referred to. We may say in passing, however, that the decisions of our higher court have gone to great length, as it seems to us, in confining counsel in argument strictly to the record as required by the rule relating to that subject. Some of the argument presented seems to have been founded upon evidence presented or provoked by counsel on the other side; some, perhaps objectionable, such as that on the part of one of counsel tending to draw an unfavorable distinction between the lawyers and jurors of Dallas and Tarrant counties, and especially that which appealed to the jurors, in effect, to place themselves in the situation of the plaintiffs and to do unto them as they would have done to their wives and children. Language to this effect has been expressly condemned. See Brown Cracker Co. v. Castle (Tex. Civ. App.) 26 S.W.(2d) 453; S. W. Tel. & Tel. Co. v. Andrews (Tex. Civ. App.) 169 S. W. 218. Rule 39 for the district and county courts provides that arguments on the facts should be addressed to the jury when one is impaneled in a case that is being tried under the supervision of the court; counsel is required to confine the argument strictly to the evidence and to the arguments of the opposing counsel.

In speaking of improper argument in a personal injury damage suit, or a death case, the Court of Civil Appeals in the case of Gulf, C. & S. F. Ry. Co. v. Younger, 10 Tex. Civ. App. 141, 29 S. W. 948, 950, had this to say: "We desire to say that in cases of this character, where the law does not determine or establish any fixed measure of damages, so far as the amount that may be recovered is concerned, counsel, in their remarks to the jury, ought to be very careful in keeping within the record, in discussing the facts, and in abstaining from dealing in argument that would be calculated to call the jury's attention to facts not properly in evidence. The policy of this court is to condemn any argument that is not within the facts, and in cases of this character, sounding in uncertain damages, it has been frequently held that remarks of counsel, outside of the record, may have influenced the verdict of the jury, when such ruling would not have been made in cases of a different character."

We think we have sufficiently disposed of the controlling questions presented on this appeal, and conclude that for the reasons stated the judgment below should be reversed and the cause remanded.